UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUSTIN COOPER, on behalf of himself
And those similarly situated,

    Plaintiff,

v.

EAST COAST ASSEMBLERS, INC.
a Foreign Profit Corporation, and
GLENN SCHNEIDER, Individually,

    Defendants.
_____/

CASE NO.: 12-80995-CIV- MARRA

### DEFENDANT, EAST COAST ASSEMBLERS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTON TO STRIKE DEFENDANT EAST COAST ASSEMBLERS, INC'S SEVENTH, EIGHTH, AND NINTH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

DEFENDANT, EAST COAST ASSEMBLERS, INC. ("ECA"), by and through its undersigned counsel and pursuant to the *Federal Rules of Civil Procedure* and *Local Rule 7.1(c)*, hereby serves its Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant ECA's Seventh, Eighth and Ninth Affirmative Defenses (DE 10), and states as follows:

Standard Governing Motions to Strike

1. Federal courts generally disfavor motions to strike and generally deny them unless the allegations have **no possible relation** to the controversy **and** may cause prejudice to one of the parties. *Marley v. Jetshares Only, LLC*, 2011 U.S. Dist. LEXIS 70959, 2 (S.D. Fla. 2011); *Lee v. Habashy*, 2009 U.S. Dist LEXIS 99766, 8 (M.D. Fla. 2009). Affirmative defenses are subject to the notice pleading standards of *Fed.R.Civ.P.* 8 and should be stricken if they state pure bare-bones legal conclusions. *Marley*, 2011 U.S. Dist. LEXIS 70959 at 3. Affirmative defenses should be stricken where they are insufficient as a matter of law. *Id.* However,

1

affirmative defenses are insufficient as a matter of law **only if** they are patently frivolous or it is clearly invalid as a matter of law. (Emphasis added). *Id.*

2. Accordingly, the bar to strike affirmative defenses is high as set forth above. For the reasons set forth more fully below, one cannot say as a matter of law that the affirmative defenses which Plaintiff is moving to strike have no possible relation to the case, nor has Plaintiff even alleged in his motion (DE 10) any prejudice he may suffer if the affirmative defenses remain. Moreover, the affirmative defenses are not patently frivolous. Accordingly, Plaintiff's motion should be denied.

<u>Seventh Affirmative Defense</u>

3. The seventh affirmative defense stated:

As its seventh affirmative defense, Defendant ECA states that it is entitled to setoff against Plaintiff's unpaid overtime, if any (which is not admitted and is expressly denied): i) any overpayment which Plaintiff received for work which Plaintiff did not perform which exceeds the minimum wage, and ii) any premium wages Plaintiff received.

4. Defendant thus raised the affirmative defense of setoff on two grounds, each of which is supported under the Fair Labor Standards Act ("FLSA"). Turning to the first part of the affirmative defense (at subsection one), the caselaw is clear that Defendant ECA may raise an affirmative defense alleging that it is entitled to a setoff for "any overpayment which Plaintiff received for work which Plaintiff did not perform which exceeds the minimum wage." In fact, this Court has addressed this very issue and noted that an affirmative defense of setoff is permitted where the setoff will not result in the plaintiff's wages dropping below the statutory minimum. *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 U.S. Dist. LEXIS 113015, 10 (S.D. Fla. 2009)(citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 at footnote 9 (5th Cir. 2003)). Thus, an employer may raise overpayments to employees in some work periods against

underpayments in other work periods provided the setoff does not result in the employee being compensated at a rate lower than the minimum wage. *Id.*

5. Contrary to Plaintiff's argument that ECA's affirmative defense violates black letter law, Plaintiff's counsel represented the plaintiff in other FLSA cases and unsuccessfully moved to strike the same affirmative defense raised here in other cases before other Florida federal courts. (See *Edmund v. City of Fort Myers*, 2012 U.S. Dist. LEXIS 1424, 23-25 (M.D. Fla. 2012)(denying motion to strike affirmative defense alleging that ". . . any claim for additional compensation by plaintiff must be reduced by compensation already paid to plaintiff for periods not compensable under the FLSA." *Id.* at 23); see also *Dougan v. Armitage Plumbing, LLC*, 2011 U.S. Dist. LEXIS 136993, 5-6 (M.D. Fla. 2011)(where the defendant alleged that it was ". . . entitled to a set-off from any amount awarded to the extent Plaintiff was overpaid or compensated for hours that he did not work." *Id.* at 6. In both *Edmund*, and *Dougan*, the trial court denied the motion to strike concluding that the affirmative defense gave Plaintiff adequate notice of the defense raised. *Dougan*, 2011 U.S. Dist. LEXIS 136993 at 6. Despite the fact the courts denied Plaintiff's motion to strike the same affirmative defense in two prior cases, Plaintiff presumably hoped this court would rule differently. For the reasons set forth above, this court should not and should deny the motion to strike ECA's seventh affirmative defense.

6. Turning to the second element, Plaintiff's motion contradicts itself and alleges at one point that defendant failed to allege any of the setoff grounds set forth in 29 USC §207(h), while simultaneously conceding at footnote 2 that his motion to strike is directed to the first prong of ECA's seventh affirmative defense. Accordingly, it is unclear whether Plaintiff's motion also seeks to strike the second part of the seventh affirmative defense or not. To the

extent it does, however, the motion is not well taken and should be denied. 29 USC §207(h)(2) provides that extra compensation paid pursuant to 29 USC §207(e)(5-7) may be credited toward the overtime compensation. 29 USC §207(e)(5-7) in turn refers to premium rate compensation. ECA's affirmative defense alleged that any premium wages paid should be offset against any unpaid overtime (which is not admitted and is expressly denied). ECA's affirmative defense should therefore stand. (See also *Edmund*, 2012 U.S. Dist LEXIS 1424 at 25, noting that "Since at least premium compensation is a permissible offset under the FLSA, plaintiff's motion [to strike the affirmative defense] is denied." This court should likewise deny Plaintiff's motion.

<u>Eighth Affirmative Defense</u>

7. Plaintiff moved to strike ECA's eighth affirmative defense which alleged that: [A]s its eighth affirmative defense, Defendant ECA states that Plaintiff has failed to state a claim for breach of the FLSA and is thus entitled to no relief.

8. *Fed.R.Civ.P.* 12(b) provides that every defense "must" be asserted in a responsive pleading but that certain defenses "may" be asserted by motion. Among the defenses which "may" be asserted by motion, in addition to being raised in a responsive pleading is the defense of failure to state a claim upon which relief can be granted. See *Fed.R.Civ.P* 12(b)(6). ECA elected to raise that affirmative defense in its responsive pleading, namely its answer. *Fed.R.Civ.P.* 7(a)(2) and 8(c).

9. Plaintiff's counsel in this case also represented the Plaintiff in *Dougan v. Armitage Plumbing, LLC* and moved to strike the same affirmative defense in that case as in this case. In *Dougan*, the court denied Plaintiff's motion to strike the affirmative defense of failure to state a claim on which relief can be granted. *Dougan*, 2011 U.S. Dist. LEXIS 136993 at 3 and 7.

10. In his motion, Plaintiff contends that ECA's eighth affirmative defense merely alleges a defect in Plaintiff's complaint. ("A defense that points out defects in the Plaintiff's prima facie case is not a true affirmative defense. *Marley v. Jetshares Only, LLC*, 2011 U.S. Dist. LEXIS 70959, 2 (S.D. Fla. 2011)(citation omitted). "While some courts have stricken these types of defenses, other courts have found that the proper remedy is not to strike these defenses but to treat these defenses as specific denials." *Id.* (citation omitted). "The Court finds that the latter approach [treating the affirmative defense as a specific denial] is more consistent with the disfavored status of motions to strike." *Id.* at 5.

11. Accordingly, for the reasons set forth above, this Court should deny Plaintiff's motion to strike the eighth affirmative defense, as did the courts in *Dougan* and *Marley*.

### Ninth Affirmative Defense

12. As its ninth affirmative defense, ECA alleged that "Plaintiff failed to mitigate his damages and/or failed to attempt to resolve this case pre-suit, especially given the limited amount in controversy, and is thus entitled to no attorney's fees or is entitled to attorney's fees of zero."

13. Plaintiff's counsel in this case represented the Plaintiff in the case of *Dougan* where the defendant's fifteenth affirmative defense also alleged that "Plaintiff is not entitled to attorney's fees or costs because of his and his counsel's failure to attempt pre-suit resolution (in good faith) of the alleged claims." *Dougan*, 2011 U.S. Dist. LEXIS 136993 at 6. The *Dougan* court ruled that the affirmative defense gave Plaintiff adequate notice of the defense raised and denied the motion to strike that affirmative defense. *Id.* at 7.

14. *Dougan* also cited *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009) in which the Eleventh Circuit Court of Appeals affirmed a trial court's ruling

which denied Plaintiff's motion for fees as the prevailing party in a FLSA case. In *Sahyers*, the Eleventh Circuit noted that the decision of whether to award a prevailing plaintiff attorney's fees and costs is "fact-intensive." *Sahyers*, 560 F.3d at 1246. Accordingly, one cannot say, as a matter of law, that ECA's ninth affirmative defense is legally inapplicable.

15. Accordingly, despite having previously raised the same argument in support of striking the same affirmative defense as ECA raised in this case, and despite that motion being denied in *Dougan*, Plaintiff is hoping that a different court will reach a different result. This court should not entertain Plaintiff's motion and should deny the same.

## Conclusion

16. In conclusion, this Court should deny Plaintiff's motion to strike ECA's seventh, eighth and ninth affirmative defenses for the reasons set forth above.[1] Plaintiff's counsel unsuccessfully moved to strike the same affirmative defenses before other Florida federal courts and each of those courts denied the motion. (See *Edmund* and *Dougan*, above). Moreover, the general policy of the courts is to disfavor striking affirmative defenses. *Marley*, 2011 U.S. Dist. LEXIS 70959 at 2; *Lee*, 2009 U.S. Dist LEXIS 99766 at 8. Plaintiff has failed to meet the two-part test to strike affirmative defenses. *Marley*, 2011 U.S. Dist. LEXIS at 2. None of the affirmative defenses Plaintiff challenges have no possible relation to the controversy as a matter of law. *Id.* at 2-3. All are legally supported under the FLSA. Moreover, even if Plaintiff satisfied the first prong (which he has not), in Plaintiff's motion to strike he has not even *alleged* that he would be prejudiced by allowing the affirmative defenses to stand, nor has he even

---

[1] Even if the court were to grant the motion to strike, motions to strike affirmative defenses should be without prejudice as leave to amend pleadings should be liberally granted as justice requires. *Palomares v. Second Fed. S&L Assn. of Chicago*, 2011 U.S. Dist. LEXIS 56949, 4 (N.Dist. Ill 2011).

6

alleged *how* he would be prejudiced by allowing the affirmative defenses to stand. *Id.*

Accordingly, for the foregoing reasons, Plaintiff's motion must be denied.

Dated: November 19, 2012	SIMON & SIGALOS LLP
3839 N.W. Boca Raton Boulevard #100
Boca Raton, FL 33431
(561) 447-0017
(561) 447-0018

/s/ Damon E. Gasser
Michael W. Simon, Esq.
Florida Bar No.: 776394
msimon@simonsigalos.com
Damon E. Gasser, Esq.
Florida Bar No.: 0010394
dgasser@simonsigalos.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ DAMON E. GASSER
Damon E. Gasser, Esquire

## SERVICE LIST

JUSTIN COOPER v. EAST COAST ASSEMBLERS, INC.
and GLENN SCHNEIDER
CASE NO. 12-80995-CIV- MARRA
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Andrew Frisch, Esq.
Email: AFrisch@forthepeople.com
Morgan & Morgan, P.A.
6824 Griffin Road
Davie, FL 33314
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Attorney for Plaintiff Justin Cooper