UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80995-CIV-MARRA

JUSTIN COOPER, on behalf of himself and
those similarly situated,

      Plaintiff,

v.

EAST COAST ASSEMBLERS, INC., a
foreign profit corporation, and GLENN
SCHNEIDER, Individually,

      Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (DE 16) and Defendant's East Coast Assemblers, Inc's Motion for Entry of an Order Enjoining Plaintiff and his Counsel from Engaging in Solicitation and Ex Parte Communications with Defendant's Employees and for Sanctions and Incorporated Memorandum of Law (DE 17). Both motions are briefed and ripe for review.

## I. Background

Defendants East Coast Assemblers, Inc., and Glenn Schneider provide assembly services to the retail customers of businesses such as Home Depot, Wal-Mart, and Lowe's in at least 22 states. To provide their services, Defendants hire employees to assemble the retailers' products.

Plaintiff Justin Cooper is a former assembler. (DE 16, Attach. 3: Cooper Decl. ¶ 4). On behalf of himself and other similarly situated current and former assemblers, Plaintiff brings a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleging that the assemblers are entitled to: 1) unpaid wages from Defendants for overtime work for which they did

not receive overtime premium pay, as required by law; 2) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*; 3) declaratory relief pursuant to 28 U.S.C. § 2201; and 4) reasonable attorneys' fees and costs pursuant to the FLSA. (DE 1 ¶ 1).[1] Plaintiff now moves to conditionally certify this collective action and notify potential class members of it.

## II. Discussion

### A. Conditional Class Certification

The FLSA provides that an action for overtime compensation "may be maintained . . . by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated.*" 29 U.S.C. § 216(b) (emphasis added). The Eleventh Circuit has outlined a two-tiered procedure to guide district courts in deciding whether plaintiffs are "similarly situated" for purposes of class certification under § 216(b). *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir.2001); *see Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir.2003) ("*Hipp* outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b)"). At the "notice stage" of the two-tiered procedure, a court's determination is "usually based only on the pleadings and any affidavits which have been submitted." *Hipp*, 252 F.3d at 1218 (citation omitted). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* In addition, before certifying an action as a collective action under § 216(b), the district court "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' . . . ." *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir.1991). The second stage of the two-tiered procedure usually occurs at the end of discovery upon the defendant's motion for decertification of the class. *Hipp*, 252 F.3d at 1218. At

---

[1] Plaintiff filed the Complaint on September 14, 2012. (DE 1).

the second stage, the court has much more information on which to base its decision and makes a factual determination on the similarly situated question. *Id.*

Following the Eleventh Circuit's directive, this Court will consider Plaintiff's request for court-supervised notification under the first stage of the two-tiered procedure outlined in *Hipp*. Thus, the Court will look to the pleadings and affidavits on record to determine whether there are substantial allegations showing that the named Plaintiff is similarly situated to the putative class members. In addition, the Court will determine whether there is evidence in the record indicating that other individuals wish to join this lawsuit.

Here, Plaintiff's evidence is sufficient to satisfy the first tier analysis articulated in *Hipp* and warrants a conditional certification of a representative class. In his complaint, Plaintiff alleges that he and those similarly situated to him "routinely worked in excess of forty (40) hours per week as part of their regular job duties" and that Defendants failed to pay them overtime compensation as required by the FLSA. (DE 1 ¶¶ 33–34). Plaintiff also alleges that "Defendants have employed and continue to employ hundreds of other individuals as "Assemblers" who performed and continue to perform the same or similar job duties under the same pay provisions as Plaintiff and the class members nationwide." (DE 1 ¶ 35). In addition to the allegations of the complaint, three similarly situated assemblers who learned of this action have already opted-in (DE 13; DE 14; DE 15). Plaintiff has provided the Court the declarations of two of the opt-ins: Darryl Michael Lane (DE 16, Attach. 4: Lane Decl.), a former assembler; and Ramonda McDonald (DE 16, Attach. 5: McDonald Decl.), a former assembler; as well as Plaintiff's own declaration and the declaration of Lee Bolaro (DE 16, Attach. 6: Bolaro Decl.), a former Regional Sales Scheduler for Defendants. All four declarations state that Defendants employ assemblers all over the United States, these assemblers maintain nearly identical job duties, they are similarly compensated, they regularly work in excess

3

of forty (40) hours per week, and they are subjected to the same illegal pay practices at issue. Finally, Plaintiff has directed the Court to a Department of Labor investigation that support the conclusion that Defendants fail to pay their assemblers overtime as required by the FLSA. (DE 16 at 4–5; DE 16, Attach. 7).

In opposition to Plaintiff's motion to certify this collective action, Defendants argue that 1) Plaintiff has failed to prove that other employees would seek to opt into the suit; and 2) Plaintiff's motion lacks the requisite detailed allegations that other employees are similarly situated to Plaintiff with respect to their job requirements or pay provisions. The Court rejects both arguments.

In support of the argument that Plaintiff has failed to prove that other employees would seek to opt into the suit, Defendants allege that one of the three opt-in plaintiffs, Adolpho Rapino, is still employed with Defendants and has no intention of suing them. "I did not know what I was signing," Rapino says in a letter he wrote to Defendants, his current employer, referring to the consent to join form he received from a co-worker. (DE 20, Attach 1. at 4). Defendants further suggest that Plaintiff may have obtained the above-discussed declarations as the result of ex parte communications or solicitation of Defendants' employees. If so, Defendants argue that those declarations should not be considered. Finally, Defendants argue that Plaintiff's declarations do not provide sufficient record evidence that other persons wish to opt into this suit because the declarations are boilerplate, conclusory, contradictory, speculative, and based on hearsay. None of these arguments are persuasive.

Even without Rapino as an opt-in, two former assemblers have already opted-in. Plaintiff has also submitted four sworn declarations as well as evidence of the Department of Labor's

investigation regarding the same allegations at issue here.[2] Moreover, the Court will consider Plaintiff's declarations because they are based upon the affiants' personal knowledge, *see Reyes v. Carnival Corp.*, No. 04-21861-CIV, 2005 WL 4891058, at *6 (S.D. Fla. May 25, 2005), and delving into an examination of the bases for that knowledge—as Defendants seeks to do by presenting Glenn Schneider's declaration in opposition to Plaintiff's motion—would require both factual and credibility determinations that are improper at this stage of the litigation. *See Carmody v. Fla. Ctr. for Recovery, Inc.*, No. 05–14295–CIV, 2006 WL 3666964, at *4 (S.D. Fla. 2006).[3] Finally, the Court rejects Defendants' position that the declarations should not be considered because they were improperly solicited for the same reasons the Court denies Defendants' motion to enjoin Plaintiff and his counsel from communicating with Defendants' employees. *See infra* Part II.C.

## B. Form of Notice

Because Plaintiff's evidence warrants a conditional certification of the assembler class, the Court now turns to the parties' disagreement as to the form of the notice and consent to join to be sent to putative class members. Plaintiff has submitted a proposed notice and consent to join form (DE 16, Attachs. 8–9), but Defendants object to the forms on the following grounds: notice should

---

[2] Defendants suggest that Plaintiff's evidence of the Department of Labor's investigation is not relevant and is inadmissible hearsay. The Court finds that a Department of Labor investigation into the same pay practices Defendants are alleged to have committed here is relevant to whether other similarly situated assemblers may desire to opt-in to this action. As to Defendants' hearsay objection, the Court finds that, at this stage of the litigation, it is sufficient to state that any records associated with the investigation and any statements within those records likely fall under exceptions to the hearsay rule. *See, e.g.*, Fed. R. Evid. 803(8).

[3] In support of Defendants' argument that Plaintiff's declarations are conclusory, lack an evidentiary foundation, and contain inadmissible hearsay, Defendants rely heavily on *Palacios v. Boehringer*, No. 10-22398-Civ-UU, 2011 WL 6794438 (S.D. Fla. Apr. 19, 2011), where the court found that the plaintiff's declarations failed "to present evidence that other employees or former employees desire to opt in." *Id.* at *4. Defendants fail, however, to point out that no one other than the plaintiff had opted into the action in *Palacios*—and that the *Palacios* court explicitly noted that fact. *Id.* at *4 n.4. This Court need look no further to distinguish that case.

not be emailed and Plaintiff's counsel should not be permitted to send "reminder notice postcards" after the initial notices are delivered; 60 days is an appropriate notice period as opposed to Plaintiff's request for 90 days; Plaintiff's proposed class of assemblers should be narrowed to those assemblers who were paid *solely* on a piece-rate basis as opposed to those assemblers paid both piece-rate and hourly; the applicable time period for putative class members should run from three years before this order, not three years before Plaintiff filed the complaint; the proposed notice should revise the identity of the employer to reflect that Defendants deny Plaintiff's allegation that Defendants were joint employers; the proposed notice should inform putative class members that they may be required to provide information under oath, they may be required to sit for depositions in Palm Beach, Broward, and Miami-Dade County, and they may be liable for costs if Defendants are the prevailing party in the case; the proposed notice should identify the putative class members' right to independent counsel; the final paragraph of the notice constitutes an impermissible advertisement of Plaintiff's counsel's law firm; and Plaintiff's proposed consent to join form should be replaced by a form that indicates how the assembler was paid, how many hours he worked per week, how many times was he not paid overtime, when did he work, and does he agree to be represented by Plaintiff's counsel in this case. (DE 20 at 9–15).

Upon considering Defendants' objections, the Court concludes that Plaintiff's counsel may email the Notice in addition to its mailing, *see Denney v. Lester's, LLC*, No. 4:12CV377JCH, 2012 WL 3854466, at *4 (E.D. Mo. Sept. 5, 2012), no "reminder notice postcards" may be sent, *see Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2012 WL 3818283, at *2 (S.D. Fla. Sep. 4, 2012), the notice period shall be 60 days, and the applicable time period for putative class members shall run from three years before Plaintiff's filing of the Complaint. Moreover, the notice need not be clarified regarding Defendants' denial of their joint employer status, the notice shall reflect that assemblers

may be required to provide information under oath and that they may be liable to Defendants for

costs if Defendants prevail, *see id.* at * 4, the notice shall not inform assemblers where they may

have to sit for depositions, and the final paragraph of the notice is an inappropriate advertisement.

The relevant class of assemblers shall be "all assemblers employed by Defendants, East Coast

Assemblers, Inc., and Glenn Schneider, within the three years preceding the filing of Plaintiff's

Complaint." The Court rejects Defendants' attempt to replace Plaintiff's proposed consent to join

form. The Notice and Consent to Join form attached to this order shall be sent out to all similarly

situated persons.

**C. Defendant's Motion to Enjoin Plaintiff's Counsel and Motion for Sanctions**

Defendant East Coast Assemblers, Inc., contends that Plaintiff's counsel improperly solicited

former and current assemblers when counsel sent some of the assemblers this e-mail:

Greetings:

My name is Andrew Frisch and I am a lawyer with the law firm of Morgan and Morgan. Don't worry, you are not in trouble! As you may have heard, our firm investigating [sic] [Defendants] regarding alleged violations of federal and state overtime laws. Specifically, our clients, who were/are Assemblers, allege that during their employment, they were not paid required overtime premiums when they worked in excess of 40 hours per week. Instead, our clients allege that [Defendants] violated the law because it paid them solely piece-rates, regardless of the amount of hours they worked each week.
As part of our continuing investigation into these allegations, your name has been identified in public records as a former [Defendants] employee who may have personal knowledge of the allegations in this lawsuit. To be clear, the purpose of this email is not to solicit you to join this lawsuit or advertise our firm. Rather, we are contacting you to determine whether you have any knowledge of the allegations at issue so that we may conduct our full and complete investigation of the claims and the alleged violations at issue on a national level. To the extent you have any knowledge or information on these allegations in any way, we are asking that you voluntarily contact us to discuss same. You are under no obligation at all to respond to this email or contact us even if you information and we will not email or contact you again. If, however, the class of employees that we currently represent gets certified as a class action, you may receive a court notice in the mail providing you with an opportunity to join this case. Again, whether you decide to do so will be entirely up to you.

For you reference a copy of the Collective Action Complaint is attached[.]

Thank you for taking the time to read this email. If you have any information you would like to share, or simply need additional information from me before disclosing any information, please feel free to respond to this email and or email me at afrisch@forthepeople.com. Alternatively, my contact information is listed below if you prefer the telephone to written communications. Also, you may forward this email to anyone you believe would be interested in speaking to me regarding their employment or former employment as an Assembler with [Defendants].

(DE 17, Attach. 1 at 2–3). After the signature block, the email contained a link to Plaintiff's counsel's blog, which contained the "consent to join" form and a "contact information" form. An unknown individual received Plaintiff's counsel's email and, rather than forwarding the email, he emailed a press release of the case to more of Defendants' current employees. The second email solicited participation in this suit.

_____Defendant suggests that Plaintiff's counsel's email constitutes an improper solicitation and an improper communication with employees and that Defendant's business was prejudiced by it. The Court rejects Defendant's position because Plaintiff's counsel's email was investigatory in nature and not designed to solicit assemblers to join this action. (DE 17, Attach. 1 at 2–3) ("To be clear, the purpose of this email is not to solicit you to join this lawsuit or advertise our firm. Rather, we are contacting you to determine whether you have any knowledge of the allegations at issue so that we may conduct our full and complete investigation of the claims and the alleged violations at issue on a national level."). The only solicitation came from the second email, which was not sent from Plaintiff's counsel and presumably came from an assembler who received Plaintiff's counsel's email and took it upon himself to solicit participation. Moreover, nothing in the record suggests that the former and current assemblers that were emailed by Plaintiff's counsel were represented by Defendants' counsel, and such communication between counsel and unrepresented former or current employees who are putative class members is not improper.

### III. Conclusion

The Court finds that Plaintiff's complaint—in conjunction with the opt-ins, declarations, and Department of Labor investigation—satisfies the first stage of the *Hipp* two-tiered procedure by demonstrating the existence of similarly situated employees who may desire to opt into this action. Thus, the Court is satisfied that notice to potential opt-in class members is appropriate in this case. *See Reyes*, 2005 WL 4891058, at * 6; *see also Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2012 WL 1906500 (S.D. Fla. May 25, 2012); *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05–14237–CIV, 2006 WL 2290512, at * 4 (S.D. Fla. May 17, 2006) (the affidavit of at least one other co-worker raises the plaintiff's contention that others desire to join the suit beyond mere speculation). The Court also finds that Plaintiff's counsel's email to Defendants' former and current assemblers was investigatory in nature and not an improper solicitation or ex parte communication.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (DE 16) is **GRANTED.**

2. The Court will allow notice to and opportunity to opt-in to the following collective class:

   **All assemblers employed by Defendants, East Coast Assemblers, Inc., and Glenn Schneider, within the three years preceding the filing of Plaintiff's Complaint.**

3. Within twenty (20) days of the entry of this Order, Defendants shall provide to Plaintiff's counsel the names, addresses, email addresses, and dates of employment of all current and former "Assemblers" who held the position at any of Defendants' locations within the three years preceding Plaintiff's filing of the Complaint.

4. Defendant's East Coast Assemblers, Inc's Motion for Entry of an Order Enjoining Plaintiff and his Counsel from Engaging in Solicitation and Ex Parte Communications with Defendant's Employees and for Sanctions and Incorporated Memorandum of Law (DE 17) is **DENIED.**

5.   Within twenty (20) days of the entry of this Order, the parties shall file an updated Joint Scheduling Report & Discovery Plan with deadlines reflecting the time that is now necessary for notification of putative class members.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of January, 2013.

_____
        KENNETH A.  MARRA
        United States District Judge

***This is a Court-authorized notice and is not a solicitation from a lawyer.***
***The Court has made no findings as to the merits of the case at this time.***

---

### IF YOU ARE OR WERE, AT ANY TIME BETWEEN <u>SEPTEMBER 14, 2009 TO THE PRESENT</u>, AN ASSEMBLER WHO WAS NOT PAID OVERTIME COMPENSATION IF YOU WORKED MORE THAN FORTY HOURS WITHIN A WORKWEEK, A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR RIGHTS

### I. INTRODUCTION

- Justin Cooper ("Plaintiff"), a former Assembler who worked for East Coast Assemblers, Inc. and Glenn Schneider ("Defendants") has sued Defendants in Federal Court in West Palm Beach, Florida, alleging that Defendants improperly failed to pay him overtime hours worked in one or more work weeks during his employment with Defendants. Specifically, Plaintiff alleges that Defendants paid him solely piece-rates, and failed to pay him overtime compensation when he worked more than forty (40) hours in a week. Plaintiff alleges that he was entitled to overtime and that Defendants' failure to pay him overtime violated the law. The case name is *Cooper v. East Coast Assemblers, Inc., et al.*, Case No.: 12-80995-CIV-MARRA.

- East Coast Assemblers, Inc. and Glenn Schneider, the Defendants in the lawsuit, maintain that they did not violate the law and that its employees were compensated as required under the FLSA.

- The Court has permitted Plaintiff to send Notice to all similarly situated current and former Assemblers of Defendants who worked for Defendants at any time between September 14, 2009 to the present, so that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

- The Court has not yet decided whether Defendants have done anything wrong or whether this case will proceed to trial. Defendants have denied all liability. There is no money available now and no guarantees that there will be. However, you have a choice to assert your legal rights in this case.

### II. YOUR LEGAL RIGHTS & OPTIONS

| | |
|---|---|
| **A. <u>Do Nothing:</u>** | **Do Nothing. Lose Nothing (except resulting from the passage of time).** By doing nothing, you retain your legal rights to bring a separate suit against Defendants (within the applicable statute of limitations period) for allegedly unpaid overtime compensation. If money or benefits are later awarded in this case, you will not share in them. |
| **B. <u>Ask to Be Included:</u>** | **Complete Opt-in Consent Form.** By "opting in," you gain the possibility of receiving money or benefits that may result from a trial or settlement, but you give |

up your right to separately sue Defendants for the same legal claims brought in this lawsuit.

**C. Effect of Joining Suit:**   If you choose to join this lawsuit, you will be bound by the judgment. While the suit is pending, you may be required to provide information including information under oath, sit for depositions, and testify in court. You also may be liable for attorney's fees and costs if Defendants are the prevailing party. The Plaintiff's attorneys will receive a party of any money judgment entered in favor of the class if they are the prevailing party in the case.

**D. Representation if You Join:**   If you choose to join in the lawsuit, you will be represented by the Representative Plaintiff through his attorneys as counsel for the class.

Your options are included in this Notice. To opt-in, you must complete the Opt-in Consent Form and forward it to the attorneys designated in the Notice on or before _____, 2013. If you have any questions or concerns, please contact:

Andrew Frisch, Esquire
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suit 400
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-333-3515
afrisch@forthepeople.com

**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA.**

**DO NOT CONTACT THE COURT WITH QUESTIONS REGARDING THIS NOTICE.**

## CONSENT TO JOIN COLLECTIVE ACTION AND BE REPRESENTED
## BY MORGAN & MORGAN, P.A.

- I, _____, consent to join the above styled lawsuit seeking damages for unpaid wages under the FLSA;
- I am similarly situated to the named Plaintiff in this matter because I performed similar duties and was paid in the same regard as the named Plaintiff;
- I authorize the named Plaintiff to file and prosecute the above referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decision on my behalf concerning the litigation, including negotiating a resolution of my claims, and understand I will be bound by such decisions;
- I agree to be represented by Morgan & Morgan, P.A., counsel for the named Plaintiff;
- In the event this action gets conditionally certified and then decertified, I authorize Plaintiff's counsel to re-use this Consent Form to re-file my claims in a separate or related action against Defendants.

Date: _____

Signature: _____